UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
JAN YEFTADONAY

                  Plaintiff,

    -against-

EQUIFAX INFORMATION SERVICES, LLC

                  Defendant.

---------------------------------------------------------

## COMPLAINT FOR VIOLATIONS OF THE FCRA

### *Introduction*

1. Plaintiff Jan Yeftadonay seeks redress for the illegal practices of Equifax Information Services, LLC ("Equifax") in violation of the Fair Credit Reporting Act (FCRA).

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as defined by 15 U.S.C. § 1681a et. seq.

4. Upon information and belief, Defendant's principal place of business is located in Atlanta, Georgia.

5. Defendant is a "Consumer Reporting Agency" (CRA) as defined by 15 U.S.C. 1681a(f) et. seq.

### *Jurisdiction and Venue*

6. This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. All conditions precedent to the bringing of this action have been performed.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Jan Yeftadonay*

9. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant Equifax, and has suffered particularized and concrete harm.

10. Plaintiff Jan Yeftadonay disputed a JPMCB account, a Bank of America account and a Home Depot/Citibank account that appeared on his credit report directly with Equifax on or about February 11, 2020. (see Exhibit A).

11. Particularly, Equifax was reporting a JPMCB account # 431228XXXX, as an "Individual account".

12. Plaintiff informed Equifax that he was not the primary account holder for the said JPMCB account.

13. Thereafter, Equifax notified the Plaintiff that it had initiated an investigation into the said disputes.

14. Equifax's investigation did not resolve the dispute and Plaintiff subsequently filed a statement of dispute with Equifax on or about March 4, 2020.

15. Section 1681i(c) of the FCRA provides: "Whenever a statement of a dispute is filed . . . the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof."

16. Plaintiff obtained his consumer credit report from Equifax in April of 2020 and found that the Defendant had not included Plaintiff's statement of dispute in the credit report.

17. 15 U.S.C. § 1681i provides the procedure by which a consumer reporting agency ("CRA") must abide whenever a consumer disputes an item contained in his or her credit file.

18. Section 1681i(a) outlines the reinvestigation that the CRA must undertake after the consumer notifies the CRA of the dispute.

19. Section 1681i(b), in turn, permits the consumer to file a "statement of dispute" with the CRA in the event that the reinvestigation fails to resolve the dispute.

20. Finally, Section 1681i(c) requires any consumer report produced subsequent to the filing of the statement of dispute to clearly note the dispute "and provide either the consumer's statement or a clear and accurate codification or summary thereof."

21. Subsequent to Equifax's receipt of the Plaintiff's statement of dispute, Equifax issued consumer reports without in any way indicating to the users of the reports that certain information contained therein was disputed by Plaintiff and failed to include a copy of Plaintiff's statement of dispute.

22. Equifax intentionally failed to include the statement of dispute with later copies of the Plaintiff's consumer reports.

23. Plaintiff's March 4, 2020 "Statement of Dispute" letter, sent in response to Defendant's reinvestigation results constitutes a "statement of dispute" under 15 U.S.C. § 1681i(b).

24. The "Statement of Dispute" letter was sent after Plaintiff's request for a reinvestigation yielded no change in the status of the account on Plaintiff's credit report. This is precisely the process that § 1681i requires.

25. Plaintiff clearly provided sufficient detail in his March 4, 2020 "Statement of Dispute" letter to put the Defendant on notice as to the nature of the dispute.

26. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." Cortez v. Trans Union, LLC, 617 F.3d 688, 706 (3d Cir. 2010).

27. Equifax violated § 1681i(c) of the FCRA, since Plaintiff disputed the accuracy of the above-mentioned information in Plaintiff's credit file and then notified the Defendant of the said dispute.

28. The Defendant's subsequent reinvestigation of the item failed to resolve the dispute so the Plaintiff filed a statement of dispute with Equifax and Equifax failed to include the statement of dispute with later copies of the Plaintiff's consumer report.[1]

29. Inaccurate information was included in the Plaintiff's credit report.

30. The inaccuracy was due to the Defendant's failure to follow reasonable procedures to assure maximum possible accuracy.[2]

---

[1] Dixon-Rollins v. Experian Info. Sols., Inc., 753 F. Supp. 2d 452, 465 (E.D. Pa. 2010) ("Trans Union's failure to properly reinvestigate *Dixon-Rollins's* dispute was not an isolated incident. Indeed, it has repeatedly failed to carry out its statutory duty despite the rejection of the same argument it now repeats and admonishments that its reinvestigations were deficient. In 1997, the Third Circuit instructed Trans Union that it may not just repeat information it receives from the original source, but must do more to verify the credit information. *Cushman*, 115 F.3d at 225. **Since *Cushman* was decided, Trans Union has been repeatedly warned of its statutorily required obligation in conducting a reinvestigation**, *see e.g., Krajewski*, 557 F. Supp. 2d at 616; *Crane*, 282 F. Supp. 2d at 320; *Lawrence*, 296 F. Supp. 2d at 589; *Saenz v. Trans Union, LLC*, 621 F. Supp. 2d 1074, 1083 (D. Or. 2007) (**Trans Union must do more than parrot information received by original source**); *Lambert v. Beneficial Mortgage Corp.*, No 05-5468, 2007 U.S. Dist. LEXIS 33119, 2007 WL 1309542, at *2 (W.D. Wash. May 4, 2007) (in certain circumstances a consumer reporting agency may need to verify the accuracy of its initial source of information) (citations omitted), and found liable for noncompliance. *See, e.g., Mullins v. Equifax Info. Servs., LLC*, No. 05-888, 2007 U.S. Dist. LEXIS 62912, 2007 WL 2471080, at *7 n. 11 (E.D. Va. Aug. 27, 2007). Thus, **because Trans Union has been warned of its inadequate reinvestigation practices in prior cases, it may be considered a repeat FCRA offender**. *See Willow Inn, Inc., v. Public Serv. Mut. Ins. Co.*, 399 F.3d 224, 232 (3d Cir. 2005) (recidivist behavior relates to defendant's conduct as to non-parties).") (emphasis added)

[2] Saindon v. Equifax Info. Serv., 608 F. Supp. 2d 1212, 1217 (N.D. Cal. 2009) ("In its motion and declarations, [Equifax] does lay out a string of application procedures that include both automated and manual checks by the agency. But giving all reasonable inferences to the plaintiff, the monitoring and reinvestigation procedures could be seen as quite limited. The procedures could be seen by a jury as merely basic automated checks that catch missing data fields on submitted forms, which do not go to the heart of whether a source of information is trustworthy. For example, when a consumer files a complaint contesting the accuracy of an item on his or her credit report, the sole action taken by Equifax is to contact the source of the information to verify if it is accurate. If the source says that it is, the inquiry ends . . . This does virtually nothing to determine the actual credibility of the source—which is what plaintiff asserts is lacking—or so a jury could reasonably conclude. While defendant does have some procedures that include a manual review of some disputes, a jury could reasonably find that almost none of the procedures include a review of the integrity of the information source itself. "), Sharf v. TransUnion, L.L.C., 2015 WL 6387501 (E.D. Mich. Oct. 22, 2015)

31. The Plaintiff suffered injury.

32. As a result of the Defendant's conduct, Plaintiff suffered actual damages, including but not limited to: pecuniary expenses from being forced to hire an attorney, undue stress and anxiety due to Defendant's failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendant's violations of the FCRA.

33. As a result of the Defendant's conduct, Plaintiff suffered further actual damages in one or more of the following categories: lower credit score, lower credit capacity, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses.

34. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of its employment, and under the direct supervision and control of the Defendant herein.

35. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

36. Discovery of the violations brought forth herein began and occurred in the month of February, 2020 and is within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

---

(student loan servicer willfully violated FCRA by failing to conduct any investigation, deferring entirely to lender to determine accuracy), Saenz v. Trans Union, L.L.C., 2007 WL 2401745, at *7 (D. Or. Aug. 15, 2007) (when CRA is on notice that information is suspect, "it is not reasonable for the [CRA] simply to verify the creditor's position without additional investigation") White v. Trans Union, 462 F. Supp. 2d 1079 (C.D. Cal. 2006) (rejecting argument that confirmation of the accuracy of information from its original source is a reasonable inquiry as a matter of law)

## AS AND FOR A FIRST CAUSE OF ACTION

*Violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681i et. seq.*

**Failure to Conduct Reasonable Investigation and Maintain Reasonable Accuracy**

37. At all times mentioned in this Complaint, JPMCB, Bank of America and Citibank were Furnishers of information as referred to in 15 U.S.C. 1681s-2 of the FCRA.

38. Plaintiff disputed a JPMCB account, a Bank of America account and a Home Depot/Citibank account that appeared on his credit report directly with Equifax.

39. Particularly, Equifax was reporting a JPMCB account as an "Individual account".

40. Plaintiff informed Equifax that he was not the primary account holder for the said JPMCB account.

41. The Defendant subsequently notified the Plaintiff that it would investigate the said dispute.

42. Equifax's investigation did not resolve the dispute and Plaintiff subsequently filed a statement of dispute.

43. The disputed account appeared on Plaintiff's Equifax consumer report and in his file maintained by Equifax, yet did not include the said statement of dispute.

44. The United States Court of Appeals for the Fourth Circuit held, that the FCRA requires furnishers to conduct detailed examinations of the documents underlying customer transactions before responding to inquiries about a customer's debt, instead of relying on computer databases that provide convenient, but potentially incomplete or inaccurate customer account information. See Johnson v, MBNA America Bank, No. 03123S (February 11, 2004).

45. Defendant's investigation process did not live up to the standards of Johnson v, MBNA America Bank, No. 03123S (February 11, 2004).

46. Defendant's investigation process did not live up to the standards of the Federal Trade Commission in the matter of <u>U.S. v. Performance Capital Mgmt.</u> (Bankr. C.D. Cal. Aug. 24, 2000).

47. Defendant violated the duty under 15 U.S.C. 1681i by verifying the above referenced account without obtaining any documentation in support of its contention that Defendant was legally responsible for the account.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

   a) Actual, statutory, and punitive damages for Defendant's violations of the FCRA;

   b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

   c) Any other relief that this Court deems appropriate and just under the circumstances.

## **LIABILITY AND DAMAGES**

48. Plaintiff re-states, re-alleges, and incorporates herein by reference, the previous paragraphs as if set forth fully in this cause of action.

49. At all times mentioned in this Complaint, various employees and/or agents of Defendant were acting as agents of Defendant and therefore Defendant is liable to for the acts committed by its agents and/or employees under the doctrine of respondent superior.

50. At all times mentioned in this Complaint, employees and/or agents of Defendant were acting jointly and in concert with Defendant, and Defendant is liable for the acts of such employees and/or agents under the theory of joint and several liability because Defendant

and its agents or employees were engaged in a common business venture and were acting jointly and in concert.

51. Plaintiff believes and asserts that he is entitled to $1,000.00 in statutory damages, pursuant to 15 U.S.C. § 1681 et. seq.

52. Plaintiff believes and asserts that Defendant's actions were willful and intentional.

53. Because Defendant's acts and omissions were done willfully, Plaintiff requests punitive damages.

54. Plaintiff requests punitive damages against Defendant in the amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n et. seq. and other portions of § 1681 et. seq.

55. For purposes of a default judgment, Plaintiff believes that the amount of such punitive damages should be no less than $9,000.00.

56. Plaintiff is also entitled to attorney fees pursuant to 15 U.S.C. § 1681 et. seq.

57. Plaintiff is entitled to any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION
*(New York Fair Credit Reporting Act)*

58. Plaintiff re-states, re-alleges, and incorporates herein by reference, the previous paragraphs as if set forth fully in this cause of action.

59. Equifax failed to delete information found to be inaccurate, reinserted the information without following the NY FCRA, or failed to properly investigate Plaintiff's disputes.

60. Equifax failed to promptly re-investigate and record the current status of the disputed information and failed to promptly notify the consumer of the result of its investigation, its decision on the status of the information, and his rights pursuant to this section in violation of NY FCRA, N.Y. Gen. Bus. Law § 380-f(a).

61. Equifax failed to clearly note in all subsequent consumer reports that the account in question is disputed by the consumer in violation of NY FCRA, N.Y. Gen. Bus. Law § 380-f(c)(3).

62. As a result of the above violations of the N.Y. FCRA, Equifax is liable to the Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

  a) Actual, statutory, and punitive damages for Defendant's violations of the N.Y. FCRA;

  b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

  c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
July 28, 2021

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein___
Adam J. Fishbein (AF-9508)

# EXHIBIT A



**Confirmation Number : 0042060983**

| | |
|---|---|
| Name : | JAN YEFTADONAY |
| Social Security Number : | XXX-XX- |
| Address : | |
| Date of Dispute : | 02/11/2020 |
| Time of Dispute : | 15:32:31 EST |
| Estimated Date of Completion : | 03/11/2020 |

### DISPUTE SUMMARY
*Below is a summary of the items you have chosen to dispute.*

**ACCOUNTS > MORTGAGE**

| | |
|---|---|
| JPMCB - HOME LENDING \|                    XXXX | This account does not belong to me. |

**NEGATIVE INFORMATION > ACCOUNTS**

| | |
|---|---|
| BANK OF AMERICA              XXXX | I have never paid this account late. |
| THD/CBNA \|              XXXX | I have never paid this account late. |

Please use the above confirmation number for all future communications on the status of your dispute.

The dispute verification process may take up to 30 days.

Please note, when you upload documents, including letters, to Equifax as part of your dispute, the documents may be submitted to one or more companies whose information is the subject of your dispute.

Jan Yeftadonay

Social:
Date of birth:

March 4, 2020

**Statement of Dispute:**

I am disputing these accounts:

1. **JPMCB CARD**-This accnt belongs to the primary account holder
2. **BANK OF AMERICA** - Payment never late
3. **THE HOME DEPOT/CITIBANK** - Payment never late

I dispute these accounts according to my rights under Section 1681i(B) of the FCRA